# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PAUL R. LASNER,

       Applicant,

v.                                          CIV. NO. 05-0888 RB/WPL

JOSE ROMERO, WARDEN, AND THE
ATTORNEY GENERAL OF NEW MEXICO,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Paul R. Lasner has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody, contending that he received ineffective assistance of trial counsel. Because the Application is time-barred, I recommend that it be denied.

## PROCEDURAL BACKGROUND

Lasner was convicted by a jury of first-degree murder, two counts of aggravated battery, and one count of shooting from a motor vehicle causing great bodily harm. [Doc. 15 Ex. A][1] He filed a timely appeal to the New Mexico Supreme Court, which affirmed his convictions on December 7, 2000. [Ex. B, H] Lasner did not seek certiorari from the United States Supreme Court.

On March 7, 2001, Lasner's counsel filed a petition for writ of habeas corpus on his behalf in the state trial court. [Ex. J] On March 13, 2002, the trial court denied habeas relief. [Ex. M] On September 24, 2002, Lasner's counsel filed supplemental proposed conclusions of law, which the trial court denied on October 4, 2002. [Ex. N, O]

---

[1] All exhibit numbers refer to exhibits to Respondents' answer, which is docket number 15.

On April 20, 2005, Lasner filed a pro se petition for writ of mandamus in the New Mexico Supreme Court, seeking an order compelling the trial court to rule on his habeas petition. In the petition, Lasner mentioned that his retained counsel had "abandoned" him. [Ex. P] After the Attorney General's Office filed a response pointing out that the trial court had already ruled, the supreme court denied the writ of mandamus. [Ex. Q, R]

On June 28, 2005, Lasner filed a pro se petition for writ of certiorari, requesting review of the trial court's order denying habeas relief. In the certiorari petition, he stated that neither he nor his attorney knew that the trial court had entered the order denying habeas relief. [Ex. S] On July 14, 2005, the supreme court denied certiorari. [Ex. T]

Lasner filed his federal habeas application on August 22, 2005. [Doc. 1] On November 2, 2005, Respondents filed a motion to dismiss and memorandum in support, arguing, among other things, that the statute of limitations has run. [Docs. 13, 14] I initially ordered Lasner to file a response by January 30, 2006. [Doc. 16] Lasner requested a ninety-day extension of time. [Doc. 17] I granted the extension in part, allowing him until March 30, 2006 to file his response. [Doc. 18] To this date, no response has been filed.

### DISCUSSION

A one-year period of limitation applies to habeas petitions. 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Therefore, if a defendant pursues a direct appeal through the state court of last resort, the limitation period begins to run either when the United States Supreme Court denies certiorari or when the ninety-day period for filing a petition for certiorari expires. *Locke v. Saffle*, 237 F.3d 1269, 1271, 1273 (10th Cir.

2001).

The limitation period is statutorily tolled while a "properly filed" application for state collateral relief is "pending." 28 U.S.C. § 2244(d)(2). Under this statute, when a New Mexico trial court denies an application for habeas relief and no timely petition for writ of certiorari is filed in the New Mexico Supreme Court, the limitation period is tolled until the thirty-day period for filing the certiorari petition expires. *See Gibson v. Klinger*, 232 F.3d 799, 803-04 (10th Cir. 2000); NMRA, 12-501(B). Lack of notice of the state court's decision has no effect on statutory tolling. *See Garcia v. Shanks*, 351 F.3d 468, 472 (10th Cir. 2003).

Applying these rules here, the limitation period would have started to run on March 8, 2001--the day after the time expired for Lasner to file a certiorari petition with the United States Supreme Court. However, the period was immediately tolled because Lasner's state habeas petition was filed on March 7, 2001. The limitation period actually started running on April 13, 2002--the day after the time expired for Lasner to file a certiorari petition with the New Mexico Supreme Court. Assuming for purposes of argument that the supplemental proposed conclusions of law constituted a proper application for state collateral relief, the limitation period was tolled again from September 24, 2002, through November 3, 2002, which includes the thirty-day period for seeking certiorari from the trial court's denial of relief. The limitation period thus expired on or about May 23, 2003. Lasner's June 28, 2005 certiorari petition had no effect on the limitation period because it was filed after the period had already expired. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001); *Gibson v. Klinger*, 232 F.3d at 804-07. Accordingly, Lasner's August 22, 2005 federal habeas petition was well over two years late.

The limitation period is subject to equitable tolling, but only in rare and exceptional

circumstances and when the petitioner diligently pursued his claims. *Gibson v. Klinger*, 232 F.3d at 808. The petitioner bears the burden of establishing his entitlement to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *clarified on reh'g,* 223 F.3d 797 (5th Cir. 2000). Because Lasner has not filed a response to the motion to dismiss, despite being given an extension of time to do so, he has not raised equitable tolling.

From a review of the record, it appears that the only possible basis for equitable tolling would be the failure of Lasner or his counsel to receive notice that the trial court denied the state habeas application. Lack of notice may be a ground for equitable tolling if the petitioner has acted diligently. *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001).

In his mandamus petition, Lasner stated that his attorney had abandoned him and in his certiorari petition, he stated that neither he nor his attorney knew that the trial court had entered an order denying habeas relief. [Ex. P, S] Both the order denying habeas relief and the order denying the supplemental proposed conclusions of law reflect that they were sent to Lasner's attorney. The attorney's address that appears on both orders is the same as the address on the attorney's pleadings. [Ex. J, L, M, N, O] Therefore, accepting as true Lasner's assertion that counsel did not know the order denying habeas relief had been entered, there is nothing in the record to indicate that her lack of knowledge was attributable to the court.

If the lack of knowledge was attributable to counsel or if she in fact abandoned Lasner, neither of these circumstances would provide a basis for equitable tolling. There is no constitutional right to effective assistance of counsel in state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Accordingly, error or inaction by habeas counsel does not constitute the type

4

of rare and exceptional circumstance that justifies equitable tolling. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005).[2]

Moreover, the fact that Lasner was represented by counsel in the state habeas proceeding does not excuse him from the requirement of demonstrating diligence. *See id.* at 278. Over four years passed between the date that Lasner's state habeas petition was filed and the date that Lasner sought a writ of mandamus to compel a ruling. There is nothing in the record to indicate that Lasner took any other action to determine whether a ruling had been made. Therefore, he has not demonstrated diligence. *See id.* at 277-79 (holding that petitioner failed to demonstrate diligence because he waited twenty-one months from the commencement of state post-conviction proceedings before inquiring about the status of the proceedings).

## RECOMMENDED DISPOSITION

For the reasons stated herein, I recommend that the Motion to Dismiss Petition for Writ of Habeas Corpus [Doc. 13] be granted; that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody [Doc. 1] be denied; and that this cause be dismissed with prejudice.

---

[2] Although the Tenth Circuit has not adopted this rule in a published opinion, it has repeatedly applied the rule in unpublished cases. *See, e.g., Gunderson v. Abbott*, No. 05-8125, 2006 WL 752038, at *3 (10th Cir. March 24, 2006); *see also Pink v. McKune*, 146 F. App'x 264, 266-67 (10th Cir.) (refusing to apply equitable tolling even though counsel admitted error in failing to file a timely appeal from the denial of state post-conviction relief), *cert. denied*, 126 S. Ct. 836 (2005).

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

*/s/ William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

Briefs and Other Related Documents

Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,Tenth Circuit.
Rodney Alan GUNDERSON, Petitioner-Appellant,
v.
Scott ABBOTT, Warden of the Wyoming State Penitentiary, and The Attorney General of the State of Wyoming, Respondents-Appellees.
No. 05-8125.

March 24, 2006.

Rodney Alan Gunderson, Rawlins, WY, David L. Delicath, Attorney General's Office, Cheyenne, WY, for Respondents-Appellees.

Before TACHA, Chief Judge, HARTZ, and TYMKOVICH, Circuit Judges.

> FN** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

> FN* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

TIMOTHY M. TYMKOVICH, Circuit Judge.

***1** Petitioner-Appellant Rodney Alan Gunderson, a state prisoner appearing pro se, seeks to appeal the dismissal of his petition for writ of habeas corpus. Gunderson filed his petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Wyoming. The district court dismissed his petition as untimely and also denied his application for a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1) (requiring a petitioner in state custody to obtain a COA before appealing a district court's final order in a habeas corpus proceeding). Gunderson appeals from that ruling, requesting a COA from this court. Because Gunderson has failed to show that reasonable jurists would find the district court's procedural ruling debatable, we deny a COA and dismiss the appeal.

**I. Background**

Rodney Alan Gunderson was convicted in a bifurcated jury trial on three counts of aggravated assault and battery and was sentenced to life imprisonment as a habitual criminal. His convictions were entered by the trial court on May 19, 1995, and affirmed by the Wyoming Supreme Court on October 11, 1996. Gunderson filed a petition for rehearing, which the state supreme court denied on October 29, 1996. Gunderson never petitioned the United States Supreme Court for writ of certiorari.

Gunderson did not immediately pursue any form of state post-conviction relief. Instead, he moved directly into a federal forum, filing a habeas petition in the Wyoming district court on October 31, 1997. The district court dismissed the petition without prejudice on May 6, 1999, for failure to exhaust state court remedies. That decision was affirmed by the Tenth Circuit on November 22, 1999, *Gunderson v. Hettgar,* 201 F.3d 447 (10th Cir.1999) (unpublished), and the United States Supreme Court denied certiorari on December 11, 2000, *Gunderson v. Hettgar,* 531 U.S. 1053 (2000).

On May 12, 2000, while his federal certiorari petition was pending, Gunderson filed a state law petition for post-conviction relief. That petition was dismissed by the state court on August 28, 2000. Over four years later, on October 22, 2004, Gunderson sought review of the dismissal by filing a petition for writ of certiorari with the Wyoming Supreme Court. This petition was denied on November 10, 2004.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Gunderson then returned to federal court, filing a second habeas petition in the district court on December 21, 2004. This petition was dismissed as untimely on November 29, 2005, and the district court denied Gunderson a COA on December 29, 2005.

## II. Discussion

This court may issue a COA if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Where, as here, the district court denies a habeas petition on procedural grounds, the burden is on the petitioner to demonstrate *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484 (emphasis added). In Gunderson's case, we need not reach the substantive claims, because he has failed to show that the district court's procedural ruling was debatable.

**\*2** The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for all habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). In this case, the period began running on January 27, 1997, when Gunderson's conviction became final by virtue of the expiration of the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(A); *Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir.2001). Thus, since the one-year limitation in AEDPA is calculated using the anniversary date method, *United States v. Hurst,* 322 F.3d 1256, 1259-61 (10th Cir.2003), the deadline for filing a federal habeas petition in this case was January 27, 1998-nearly seven years before Gunderson filed the present petition.

Although his petition was clearly untimely, Gunderson contends his late filing should be excused. Construing his pleadings liberally, *Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir.1998), Gunderson makes a number of arguments, which fall under two main rubrics: (1) statutory tolling, and (2) equitable tolling.

FN1. Gunderson also attempts to argue that, because his second petition is not considered "successive" for purposes of 28 U.S.C. § 2244(b)(2), it should not be given its own filing date for purposes of § 2244(d)(1). The United States Supreme Court previously held, where a petitioner's first federal habeas petition is dismissed for failure to exhaust without ruling on the merits and the petitioner files a second federal habeas petition, it will be "treated as any other first petition" and is not a successive petition for purposes of the exacting review standards set forth in § 2244(b)(2). *Slack,* 529 U.S. at 487 (internal citations omitted). Gunderson argues that this means his second petition should be given the date of his first petition for purposes of § 2244(d)(1). However, this argument not only lacks support from the case law he cites but it cuts against another holding of the United States Supreme Court. *See Rhines v. Weber,* 125 S.Ct. 1528, 1533-35 (2005) (granting the district court limited discretion to stay proceedings on habeas petitions with unexhausted claims while acknowledging that, if the district court dismisses after the time limit has passed, a second petition will be untimely).

### A. Statutory Tolling

AEDPA allows the one-year period to be tolled for the "time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). However, Gunderson cannot avail himself of this remedy because he failed to seek any post-conviction relief in state court until May 12, 2000, which was nearly two and a half years after the AEDPA deadline had passed. A state court filing submitted after the AEDPA deadline does not toll the limitations period. *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir.2001). Nor can Gunderson use this provision to toll the deadline based on his first federal habeas filing, because the United States Supreme Court has explicitly held that Congress's use of the word "State" indicates it did not intend to allow tolling based on federal filings. *Duncan v. Walker,* 533 U.S. 167, 172-73 (2001).

**B. Equitable Tolling**

Equitable tolling is an extraordinary remedy employed by this court in "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir.2000). We have held it is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000). "Simple excusable neglect is not sufficient." *Gibson,* 232 F.3d at 808.

Gunderson supplies a number of reasons for his late filing, all of which attempt to shift responsibility to another party. First, he argues, the district judge caused him to miss his deadline by ruling on his initial habeas petition after the one-year period had passed and then dismissing the action instead of abating it while he exhausted his state court remedies. We already ruled in Gunderson's first appeal that these actions by the district court did not constitute an abuse of discretion. *Gunderson,* 201 F.3d at *1. Moreover, the United States Supreme Court recently emphasized that, although district court delays may keep a petitioner from ever being heard on unexhausted habeas claims, the purposes of AEDPA require adherence to the principle that "stay and abeyance should be available only in limited circumstances" where there was "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber,* 125 S.Ct. 1528, 1535 (2005).

**\*3** In this case, Gunderson's sole excuse for his initial failure to exhaust is that he was unaware of the requirement. Where even discretionary stay or abeyance has been so narrowly circumscribed by the Supreme Court, we certainly cannot *compel* such relief based on mere ignorance of the law, which neither removes fault from the petitioner nor sets him apart from any other case. The argument is particularly weak in this case, because the exhaustion requirement is listed as a prerequisite in the federal habeas statute that Gunderson employed to seek relief. 28 U.S.C. § 2254(c). Moreover, even if the district court had chosen to abate the federal proceedings, Gunderson has not explained why he delayed for over four years between stages of state court review. *See Rhines,* 125 S.Ct. at 1535 (holding a petitioner who unnecessarily delays state court proceedings should not receive a stay of federal habeas proceedings). Thus, Gunderson's failure to follow the express federal habeas requirements in the first instance, coupled with the languid manner in which he pursued exhaustion of his state court remedies, demonstrate that he did not "diligently pursue[ ] his claims," and is therefore not entitled to this extraordinary equitable remedy.

Gunderson's second and third arguments both seek to justify his ignorance of the law. He contends, "This Petitioner is [u]ntrained and [u]nskilled in the [l]aw and therefore should not be held to the exacting standards a[q]ualified [l]awyer is required to." Aplt. Br. at 3. However, failure to learn applicable law does not constitute "extraordinary circumstances beyond his control." Indeed, "it is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." *Marsh,* 223 F.3d at 1220; *see Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998) (equitable tolling not justified by the fact that petitioner simply did not know about AEDPA time limitation).

Alternatively (and inconsistently), Gunderson asserts that he *did* benefit from the assistance of counsel but that he was incorrectly advised with regard to his exhaustion requirements and filing deadlines. However, attorney error is generally not a basis for equitable tolling of the federal habeas deadline. *See, e.g., Merritt v. Blaine,* 326 F.3d 157, 169 (3d Cir.2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citations omitted); *Rouse v. Lee,* 339 F.3d 238, 248 (4th Cir.2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding") (internal citations omitted); *United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir.2005) ( "Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [for equitable tolling purposes]").

**\*4** In this case, where it appears Gunderson never formally retained counsel but somehow attempted to solicit advice from the public defender's office, we find

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the "ineffective assistance" argument even less compelling. We conclude that Gunderson has failed to show "extraordinary circumstances beyond his control" prevented him from timely filing and is therefore not entitled to relief from this court.

### III. Conclusion

Gunderson's petition was untimely filed, and he has failed to demonstrate that he meets the requirements of statutory tolling or that his case presents the kind of rare and exceptional circumstance that would entitle him to equitable tolling. We conclude that jurists of reason would not find the district court's procedural decision debatable. Accordingly, we DENY a COA and DISMISS the case. We GRANT Gunderson's motion to proceed in forma pauperis.

C.A.10 (Wyo.),2006.
Gunderson v. Abbott
Slip Copy, 2006 WL 752038 (C.A.10 (Wyo.))

Briefs and Other Related Documents (Back to top)

• 05-8125 (Docket) (Dec. 19, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,Tenth Circuit.

Malcolm PINK, Petitioner-Appellant,

v.

David R. McKUNE; Attorney General of Kansas, Respondents-Appellees.

**No. 05-3033.**

Aug. 17, 2005.

**Background:** After conviction for felony murder was affirmed on appeal, 20 P.3d 31, petition was filed for writ of habeas corpus. The United States District Court for the District of kansas denied petition. Petitioner appealed.

**Holdings:** The Court of Appeals, Tymkovich, Circuit Judge, held that:

1(1) state court's denial of a motion for leave to file an appeal out of time did not toll the Anti-Terrorism and Effective Death Penalty Act (AEDPA) time period during which no appeal was pending, and

2(2) any alleged error by habeas corpus petitioner's attorney in failing to timely file appeal of state court's denial of postconviction petition, which would have tolled running of Anti-Terrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitations, was not a basis for equitable tolling of AEDPA's limitations period when habeas corpus petition was untimely filed.

Affirmed.

West Headnotes

**[1] Habeas Corpus 197 ⚷603**

197 Habeas Corpus
    197III Jurisdiction, Proceedings, and Relief
        197III(A) In General
            197k603 k. Laches or Delay. Most Cited Cases

State court's denial of a motion for leave to file an appeal out of time did not toll the Anti-Terrorism and Effective Death Penalty Act (AEDPA) time period during which no appeal was pending. 28 U.S.C.A. § 2244(d).

**[2] Habeas Corpus 197 ⚷603**

197 Habeas Corpus
    197III Jurisdiction, Proceedings, and Relief
        197III(A) In General
            197k603 k. Laches or Delay. Most Cited Cases

Any alleged error by habeas petitioner's attorney in failing to timely file appeal of state court's denial of postconviction petition, which would have tolled running of Anti-Terrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitations, was not a basis for equitable tolling of AEDPA's limitations period when habeas corpus petition was untimely filed. 28 U.S.C.A. § 2244(d).

**\*264** Malcolm T. Pink, Lansing, KS, pro se.
Kristafer R. Ailslieger, Office of the Attorney General, Topeka, KS, for Respondents-Appellees.

Before KELLY, O'BRIEN, and TYMKOVICH, Circuit Judges.

> FN* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

FN** This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

TYMKOVICH, Circuit Judge.

**\*\*1** Defendant-Appellant Malcolm Pink, a state prisoner appearing pro se, filed a **\*265** petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2254. The district court denied Pink's writ of habeas corpus as time barred and also denied him a certificate of appealability ("COA"). Because Pink has not made a substantial showing of a denial of a constitutional right, 28 U.S.C. § 2253(c)(2), we deny COA and dismiss the appeal.

### I. Background

In 1998, Pink was convicted of three counts of first degree murder in the district court of Sedgwick County, Kansas. He was sentenced to three concurrent terms of life imprisonment. His convictions were affirmed by the Kansas Supreme Court on March 9, 2001. Ninety days later, on June 7, 2001, the time for filing a petition for certiorari in the United States Supreme Court expired and Pink's conviction became final. *See* Sup.Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

For purposes of habeas review, the one-year statute of limitations began to run at the time Pink's convictions became "final." *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"). *See also* Federal Rule of Civil Procedure 6(a) ("In computing any period of time prescribed or allowed ... by any applicable statute, the day of the act ... from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included[.]"); United States v. Hurst, 322 F.3d 1256 (10th Cir.2003) (applying the principles of Rule 6(a) to AEDPA's statute of limitations).

On March 19, 2002, 285 days into AEDPA's one-year statute of limitations, Pink filed a state post-conviction petition under K.S.A. § 60-1507. This action tolled the one-year limitation. However, after the state district court denied his motion and the Kansas Court of Appeals affirmed that judgment, Pink failed to file a timely appeal with the Kansas Supreme Court. The one-year limitation therefore resumed running following the last day Pink could have filed such an appeal, or February 8, 2004. *See* Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir.2000) ("the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."). At this point Pink had 80 days remaining in the limitations period, which expired on April 28, 2004. It was not until July 29, 2004, that Pink appealed to the Kansas Supreme Court, which denied his claims despite his attorney's motion to file out of time. On August 10, 2004, approximately three months after the expiration of the one-year limitation, Pink submitted this petition to the United States District Court for the District of Kansas.

### II. Legal Issues

**\*\*2** This court may grant a COA and entertain Pink's appeal only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). A COA should issue if the petitioner "shows that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of the **\*266** constitutional right *and* that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484, 120 S.Ct. 1595. We deny Pink a COA.

### A. Statute of Limitations

Pink first argues the limitations period should have been tolled for 90 days from the date his convictions were affirmed on direct appeal by the Kansas Supreme Court (in other words, the time in which he could have filed an appeal to the United States Supreme Court). We agree, and as the district court explained, the statute of limitations was indeed tolled during the period in which Pink could have filed a petition of certiorari with the United States Supreme Court, following the Kansas Supreme Court's affirmation of his conviction on direct review. Pink's first claim thus has no merit.

[1] The next issue is whether the limitations period should have been tolled until Pink's motions to file out of time were denied by the Kansas Supreme Court. This court has held that a state appellate court's decision to grant a petitioner leave to appeal out of time from the denial of post-conviction relief does not toll the limitations period from the expiration of the time to appeal to the filing of a motion for leave to file a late appeal. _Gibson,_ 232 F.3d at 804. The same would be true here, because in neither _Gibson_ nor this case would a "properly filed application" be pending. Furthermore, the Supreme Court also recently held that "a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." _Pace v. DiGuglielmo,_ --- U.S. ----, 125 S.Ct. 1807, 1812, 161 L.Ed.2d 669 (2005). Accordingly, we agree with the district court that a state court's denial of a motion for leave to file an appeal out of time does not toll the time period during which no appeal was pending. Thus, the limitations period in this case resumed running after Pink's time to appeal the Kansas Court of Appeals's decision lapsed and continued to run until it expired.

### B. Equitable Tolling

[2] Although Pink did not specifically raise the issue, the district court also considered the possibility that the statute of limitations should be equitably tolled in this case. We have explained that such tolling is warranted only in "rare and exceptional circumstances." _Gibson,_ 232 F.3d at 808. We have previously held that "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." _Marsh v. Soares,_ 223 F.3d 1217, 1220 (10th Cir.2000). Simple "excusable neglect" is not sufficient. _Gibson,_ 232 F.3d at 808.

**\*\*3** In this appeal, Pink claims his appellate public defender failed to file a timely appeal of the Kansas Court of Appeals's denial of his post-conviction petition under K.S.A. § 60-1507. As discussed above, the last day Pink's attorney could have made such a filing in the Kansas Supreme Court was February 8, 2004. Pink alleges that prior to this date, the attorney informed him she would file an appeal but did not respond to his repeated attempts to discuss the appeal. In a motion to file out of time with the Kansas Supreme Court, Pink's appellate attorney stated that "due to a calendaring error by clerical staff, appellant's counsel inadvertently failed to file the petition for review in a timely manner."

This claim fails to meet our requirement for equitable tolling. First, the Supreme Court has clearly held "[t]here is no constitutional **\*267** right to an attorney in state post-conviction proceedings." _Coleman v. Thompson,_ 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Second, this circuit has clearly held that a petitioner's misunderstanding of the applicable time lines does not excuse a delay for purposes of equitable tolling. _See Miller v. Marr,_ 141 F.3d 976, 978 (10th Cir.1998) (petitioner's lack of awareness of limitation period was insufficient basis for equitable tolling).

Third, other circuits have held and we agree that attorney error is generally not a basis for equitable tolling. _See, e.g., Merritt v. Blaine,_ 326 F.3d 157, 169 (3d Cir.2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citations omitted); _Rouse v. Lee,_ 339 F.3d 238, 248 (4th Cir.2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding") (internal citations omitted); _United States v. Martin,_ 408 F.3d 1089, 1093 (8th Cir.2005)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]").

Finally, as a general matter, attorney error during § 2254 habeas proceedings is not itself grounds for equitable relief. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

In sum, while we sympathize with Pink's plight, the case law of this circuit and others show that his attorney's neglect does not rise to the level of "extraordinary" circumstances.

Pink's final claim is that his "actual innocence" warrants tolling in this case. We agree with the district court that this allegation has no evidentiary basis.

**\*\*4** Accordingly, we DENY COA and DISMISS the appeal.

C.A.10 (Kan.),2005.
Pink v. McKune
146 Fed.Appx. 264, 2005 WL 1972576 (C.A.10 (Kan.))

Briefs and Other Related Documents (Back to top)

• 05-3033 (Docket) (Jan. 25, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.